**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-1626**

———————

TOMMY A. ALLEN,

                              Plaintiff - Appellant,

        versus

BMW MANUFACTURING COMPANY, LLC,

                              Defendant - Appellee.

———————

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  R. Bryan Harwell, District Judge.
(7:05-cv-02450-RBH)

———————

Submitted:  December 28, 2007      Decided:  January 8, 2008

———————

Before MOTZ and SHEDD, Circuit Judges, and WILKINS, Senior Circuit
Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

William L. Pyatt, PYATT LAW FIRM, L.L.C., Columbia, South Carolina,
for Appellant.  George A. Harper, JACKSON LEWIS LLP, Greenville,
South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tommy Algathen Allen appeals the district court's order in his employment discrimination action declining to accept new evidence following the issuance of a magistrate judge's report and recommendation and granting the employer's motion to strike, accepting the recommendation of the magistrate judge, and granting summary judgment to BMW Manufacturing Co.(BMW).

After the magistrate judge issued a report recommending the district court grant summary judgment to BMW, Allen attempted to submit several new documents to the district court. BMW moved to strike the additional documents as they were either not in evidence or not submitted to the magistrate judge. The district court granted the motion to strike, noting although it had the discretion to receive additional evidence in its review of the magistrate's report and recommendation, doing so would not be appropriate because Allen did not offer any reason for not filing the documents earlier. This court reviews a district court's refusal to accept new evidence following the magistrate judge's report and recommendation for abuse of discretion. See Doe v. Chao, 306 F.3d 170, 183 (4th Cir. 2002). Following a thorough review of the record, we conclude the district court did not abuse its discretion under Doe in declining to permit new evidence.

As to his race discrimination claim, Allen argues that he presented a genuine issue of material fact regarding pretext,

because BMW claimed to have fired him because he missed his doctor's appointment, even though he arrived at the appointed time, and because BMW did not require "his similarly situated white counterpart" to submit to the same examination.  This court reviews a district court's grant of summary judgment de novo.  Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988).  Summary judgment may only be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

A plaintiff can establish a prima facie case of discriminatory discharge under Title VII by showing: (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) at the time the employer took the adverse employment action, he was performing at a level that met his employer's legitimate expectations; and (4) the position was filled by a similarly qualified applicant outside the protected class or other employees who are not members of the protected class were retained under apparently similar circumstances.  Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 188 (4th Cir. 2004).  When a plaintiff makes a showing sufficient to support a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment action.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  If the employer produces a legitimate reason for the action, the burden once again

shifts to the plaintiff to show that the employer's rationale is a pretext for discrimination.  Id. at 804.

After Allen complained to BMW of carpal tunnel syndrome, he saw Dr. Zimmerman, who examined him for carpal tunnel syndrome. Dr. Zimmerman placed Allen on work restrictions, and Allen did not work another shift for BMW.

Allen was then referred to Dr. Lencke, who examined Allen and did not find physical evidence of his condition.  BMW scheduled another appointment for Allen with Dr. Lencke to assess whether Allen could return to work and, if so, what restrictions were necessary.  Allen did not attend this appointment.  BMW scheduled a second appointment and sent Allen a letter notifying him that BMW would pay for the exam and BMW would consider his employment voluntarily terminated if he did not keep the appointment.  Allen arrived at Dr. Lencke's office for his second appointment, but refused to be examined.  Dr. Lencke informed BMW that Allen refused to be tested but nonetheless requested the doctor excuse him from work.  BMW sent Allen a letter informing him his employment was terminated because he did not participate in the exam.

We conclude BMW stated a legitimate, nondiscriminatory reason for the termination.  Because Allen refused to be examined, the fact that he went to the doctor's office at the allotted time does not demonstrate that BMW's explanation was a pretext for discrimination.

Regarding Allen's allegedly similarly situated white counterpart, James Fulcher, Allen contends BMW treated Fulcher differently because it did not require him to submit to a similar evaluation for carpal tunnel syndrome. This conclusory allegation is belied by Fulcher's deposition. Fulcher stated he saw the doctors at BMW numerous times before receiving his diagnosis and that he saw a private physician to be tested for carpal tunnel syndrome upon BMW's instruction.

Regarding his retaliation claim, Allen argues only that summary judgment is "as a rule, inappropriate to the very fact-specific allegations of retaliation by an employer." As legal support, Allen cites "the abundance of cases . . . in which the courts have refused to grant such motions." As this court has repeatedly affirmed summary judgments on retaliation claims, this argument has no merit. See, e.g., Hux v. City of Newport News, 451 F.3d 311 (4th Cir. 2006); Baqir v. Principi, 434 F.3d 733, 748 (4th Cir. 2006); Honor, 383 F.3d at 188-89.

For these reasons, we affirm the district court's order granting the motion to strike, adopting the magistrate judge's report and recommendation, and awarding BMW summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED